SPERO T. LAPPAS, Esquire
Serratelli, Schiffman, Brown and Calhoon, P.C.
2080 Linglestown Road
Suite 201
Harrisburg, Pennsylvania 17110
(717) 540-9170
ATTORNEYS FOR THE PLAINTIFFS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *DANIEL DANCHISION,* | : |
|     *Plaintiff* | :   NO. 1:07-cv-1617 : |
| *v.* | : |
| | : |
| *ADAM WEBBER, Individually and* | : |
| *asan employee of Annville Township,* | : |
| *PA,* | : |
|     *Defendant* | :   *JURY TRIAL DEMANDED* |

| | |
|---|---|
| *JASON MURACZEWSKI,* | : |
|     *Plaintiff* | :   NO. 4:07-cv-1619 : |
| *v.* | : |
| | : |
| *ADAM WEBBER, Individually and* | : |
| *as an employee of Annville Township,* | : |
| *PA,* | : |
|     *Defendant* | :   *JURY TRIAL DEMANDED* |

## PLAINTIFFS' CONSOLIDATED PRETRIAL MEMORANDUM

A. FEDERAL JURISDICTION

Jurisdiction is founded upon 28 USC § 1331 and 1341, 42 USC § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

B.  STATEMENT OF FACTS

The cases of *Danchision v. Adam Webber* and *Muraczewski v. Adam Webber* are related cases arising from the same set of facts. Although the damage claims of the individual Plaintiffs are different, the incident giving rise to those claims is the same.

On March 30, 2007, Daniel Danchision was driving his motor vehicle on Route 934 in South Annville Township, Lebanon County, Pennsylvania. Jason Muraczewski was a passenger in that automobile. At that time, Mr. Danchision was passing the scene of a traffic stop involving a timber truck, the officer conducting the stop was Officer Adam Webber of the Annville Township Police Department. As Mr. Danchision passed the scene of the traffic stop he beeped his horn slightly in order to warning oncoming motorists that he was going to have to partially leave his lane of traffic in order to get passed the police car. As soon as he did so, Officer Webber jumped off of the timber truck and started screaming at Mr. Danchision to pull over. Mr. Danchision did in fact pull over as required and stated to the officer,"Why do you want me to pull over" or words to like affect. At that point, the officer arrested Mr. Danchision and took him to the South Annville Township Police Department where he was held for several hours and given a number of criminal and motor vehicle violation citations. These citations were

originally dismissed on jurisdictional grounds and were then re-filed by Officer Webber in South Annville Township (Adam Webber is not an Officer in South Annville Township where the incident took place but rather is an officer of an adjacent township, Annville Township). These or similar charges were dismissed again and re-filed for a third time. They are pending as of November 6, 2007.

Before Mr. Danchision's car came to a complete stop, Defendant Webber reached through the passenger's front seat window and grabbed hold of Jason Muraczewski by the throat and arm. It appeared to Mr. Muraczewski that the officer was attempting to drag him out of the car window. Jason Muraczewski was also taken to the police station. While there, his injuries required him to be taken by ambulance to St. Anne's Hospital. He was diagnosed with soft tissue injury to his shoulder and has been following up with chiropractic care.

Jason Muraczewski, in addition to his physical injuries, has a claim for lost wages and medical bills. Daniel Danchision, in addition to his claims for general damages, has a claim for criminal defense legal fees necessitated by the false charges filed by Officer Webber.

## C. STATEMENT OF UNDISPUTED FACTS

1. On March 30, 2007, Daniel Danchision was driving his motor vehicle on Route 934 in South Annville Township, Lebanon County, Pennsylvania.

2. Jason Muraczewski was a passenger in that automobile.

3. The two of them were on their way to the Manheim Auto Auction where Mr. Danchision was to conduct business as an automobile dealer.

4. At that time, Mr. Danchision was passing the scene of a traffic stop involving a timber truck, the officer conducting the stop was Officer Adam Webber of the Annville Township Police Department.

5. Adam Weber fficer arrested Mr. Danchision and took him to the South Annville Township Police Department where he was held for several hours and given a number of criminal and motor vehicle violation citations.

6. Adam Webber is not an Officer in South Annville Township where the incident took place but rather is an officer of an adjacent township, Annville Township.

7. All criminal charges filed by Weber were dismissed by Pennsylvania state Magisterial District Courts.

## D. DAMAGES

Both Plaintiffs have claims for general damages resulting from their arrests and custody, and violation of federally protected rights. Jason Muraczewski, in addition to his physical injuries, has a claim for lost wages and medical bills.

Daniel Danchision, in addition to his claims for general damages, has a claim for criminal defense legal fees necessitated by the false charges filed by Officer Webber, and for lost income resulting from his inability to attend the automobile auction on the date of his arrest.

### E. WITNESSES

The Plaintiffs will call some or all of the following witnesses:

1. Jason Muraczewski
2. Daniel Danchision
3. Officer Adam Webber
4. Robert Gleeson
5. Magisterial District Judge Lee Lehman
6. Magisterial District Judge Michael Smith
7. John Kelsey, Esquire
8. Megan Ryland-Tanner, Esquire
9. Christopher Cook, Esquire
10. Bob Miller, EMT
11. Mick Quenzes, EMT
12. Mark Gernerd, MD
13. John Bucklar, DC

## F. EXPERT WITNESSES

None

## G. SPECIAL COMMENTS ON THE PLEADINGS AND DISCOVERY

None.

## H. SUMMARY OF LEGAL ISSUES

The Plaintiffs anticipate no unusual legal issues.

## I. STIPULATIONS DESIRED

The Plaintiff requests that the Defendants stipulate to the authenticity and admissibility Plaintiff's exhibits.

## J. LENGTH OF TRIAL

The Plaintiffs anticipate that the length of a consolidated trial will be approximately 2 days, exclusive of jury selection, openings, closings, charge and deliberation.

## K. OTHER MATTERS

The parties jointly request that the trials of these two cases be consolidated.

## L. EXHIBIT LIST

Attached.

## M. SPECIAL VERDICT QUESTIONS REQUESTED

None.

## N.  DEFENSE COUNSEL'S CERTIFICATION

Not applicable to the Plaintiff.

## O.  VIDEOTAPED DEPOSITIONS

The defendant has taked the video deposition of one witness, the Plaintiff does not know if the defense plans to play that deposition at trial.

## P.  NON-JURY TRIAL REQUESTS

Not applicable.

*Respectfully submitted,*

*SERRATELLI, SCHIFFMAN, BROWN & CALHOON, P.C.*

By: _____
*SPERO T. LAPPAS, ESQUIRE*
*PA. SUPREME CT. ID NO. 25745*
*2080 LINGLESTOWN ROAD, SUITE 201*
*HARRISBURG, PA 17110-9670*
*(717) 540-9170*
*ATTORNEYS FOR THE PLAINTIFFS*