IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL DANCHISION and JASON MURACZEWSKI,<br>　　　　Plaintiffs | : CIVIL ACTION NO. 1:07-CV-01617<br>:<br>:<br>: |
| v. | : JURY TRIAL DEMANDED<br>: |
| ADAM WEBBER, Individually and as an employee of Annville Township, PA,<br>　　　　Defendant | :<br>: JUDGE YVETTE KANE<br>:<br>: |

## DEFENDANT'S PRE-TRIAL MEMORANDUM

**A.　　BRIEF STATEMENT AS TO FEDERAL COURT JURISDICTION:**

　　Plaintiffs' respective Complaints asserted claims against the Defendant pursuant to 42 U.S.C. §1983, for the alleged deprivation of their Fourth and Fourteenth Amendment rights. This Honorable Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§1331 and 1341.

**B. SUMMARY STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY:**

There are two separate lawsuits which have not been consolidated as such, but are scheduled to be tried together as Plaintiff Danchision was the driver of the Plaintiff vehicle and Plaintiff Muraczewski was a passenger.

Defendant Adam L. Webber was a full-time police officer with the Annville Township Police Department. On or about March 20, 2007, while on patrol in an unmarked patrol unit in full Annville Township uniform, Defendant Webber witnessed a traffic violation occur on Route 934 in Annville Township and initiated a traffic stop upon the driver of a tractor-trailer. The emergency lights of Defendant's vehicle were activated during the entire duration of the traffic stop. As he was speaking to the driver of the tractor-trailer, Defendant heard a vehicle repeatedly beeping its horn to the rear of the truck. Defendant noticed a white Land Rover SUV behind the truck and its driver began yelling and waving his arm outside of the driver's side window. Plaintiff Danchision was the driver of the white Land Rover and Plaintiff Muraczewski was the only passenger in the vehicle.

Defendant stepped away from the truck at a distance of approximately one to two feet to observe if there was a problem behind the truck. As he did so, Plaintiff Danchision proceeded to drive around his police car and crossed over the double yellow line. As Plaintiff Danchision approached Defendant, he jerked the vehicle

2

towards Defendant. Defendant motioned and verbally ordered Plaintiff Danchision to stop his vehicle. As the vehicle approached, it was still partially in the other lane of traffic and the driver screamed, "get your car out of the road." Plaintiff Danchision then stopped his vehicle. Defendant instructed Plaintiff Danchision several times to pull his vehicle to the side of the road and to each instruction; Plaintiff Danchision replied "I'm not pulling over." Defendant asked Plaintiff Danchision to produce his driver's license and he refused. Plaintiff Danchision started to drive his vehicle away with Defendant's arm still in his vehicle despite Defendant's instructions to the contrary.

Plaintiff Danchision subsequently proceeded forward and pulled in front of the cab of the truck. Upon arrival of backup assistance, Plaintiff Danchision was instructed several times to exit his vehicle. As Defendant approached the driver's side of Plaintiff Danchision's vehicle, he began to exit. Plaintiff Danchision was placed under arrest, taken into custody, and transported back to the police station. Defendant suffered multiple abrasions and swelling in his left arm as a result of Plaintiff Danchision driving his vehicle with Defendant's arm in it.

Plaintiff Muraczewski was seized by virtue of his presence in the Danchision vehicle, but he was released at the scene of the car stop. Officer Webber obtained permission for Plaintiff Muraczewski to drive the Danchision vehicle back to the police department.

1. <u>Danchision Contentions</u>.  Plaintiff Danchision contends that his arrest, detention and prosecution were false, known to be false and/or brought without probable cause.

The charges were violations of:  18 Pa. C.S. § 5503, disorderly conduct, § 2705, recklessly endangering another, and § 2701, simple assault.  Additionally, Plaintiff Danchision was charged with violation of 75 Pa. C.S. § 3736, reckless driving, § 3702, obedience to authorized person directing traffic, duty of devices in emergency response area, and § 3733, fleeing or attempting to elude police officer.

Officer Webber contends that there was probable cause to arrest Danchision, which is all that the Fourth Amendment requires. Moreover, once the initial charges were filed, this matter was handled under the direction and control of the Lebanon County District Attorney's Office.

2. <u>Muraczewski Contentions</u>.  Plaintiff Muraczewski alleges that he was taken into custody and transported to the police station where he was detained until 12:00 p.m.   He further alleges that Officer Webber reached into the passenger side window, grabbed hold of the Plaintiff's jacket, and subsequently his arm and throat, pulling his shoulder enough to cause injury and require medical attention.

Officer Webber contends there was no arrest and that any injury that Plaintiff Muraczewski may have sustained was caused by Plaintiff Danchision's decision to start driving away while Officer Webber was partially inside the vehicle.

Officer Webber contends Muraczewski should have brought his claim against Danchision.

**C.　COMPREHENSIVE STATEMENT OF UNDISPUTED FACTS AS AGREED TO BY COUNSEL AT THE CONFERENCE OF ATTORNEYS REQUIRED BY LOCAL RULE 16.3:**

The facts are in such dispute that no comprehensive statement beyond agreeing to the identity of the parties and the date, time and approximate location of the stop made any sense.

**D.　A BRIEF DESCRIPTION OF DAMAGES:**

Defendant denies any and all liability to the Plaintiffs and demands strict proof of each and every element of damages claimed by Plaintiffs.

**E.　WITNESSES:**

1. Officer Adam Webber, Defendant
   Annville Township Police Department

2. Officer Walker
   Annville Township Police Department

3. Michael T. Burdge, Chief
   Annville Township Police Department

4. Bob Miller, EMT
   First Aid and Safety Patrol of Lebanon

5. Mike Quenzer, EMT
   First Aid and Safety Patrol of Lebanon

6. Robert W. McAteer, Deputy District Attorney
   Lebanon County District Attorney's Office

7. Christopher Cook, Assistant District Attorney
   Lebanon County District Attorney's Office

8. Megan Ryland-Tanner, Assistant District Attorney
   Lebanon County District Attorney's Office

9. Robert Gleeson
   459 Fairview Avenue
   Westwood, NJ 07675

10. Manheim Auto Auction Representative

11. Richard J. Garipoli, Jr.
    Police Policy/Use of Force Expert

12. Plaintiff Daniel Danchision – as on cross examination

13. Plaintiff Jason Muraczewski – as on cross examination

14. Any witnesses listed by Plaintiff

15. Defendant reserves the right to supplement this list of witnesses prior to trial.

**F.    SUMMARY OF TESTIMONY EACH EXPERT WITNESS:**

Defendant's expert, Chief Garipoli, will testify that Officer Webber was on official business when he was in hot pursuit which ended in a vehicle stop in another jurisdiction. Consequently, any illegal action that he observed at this time could be handled by him to stop the action from happening. Garipoli will testify that Officer Webber took the proper action to see what the SUV was doing, and to find out why the driver of the SUV, Danchision, would not follow his orders to stop.

It is Garipoli's opinion that Officer Webber did exactly what he was trained to do. He told the driver, Mr. Danchision to stop more than once, and Danchision refused his order. Furthermore, Officer Webber believed that Danchision turned his vehicle towards him. Officer Webber had no idea of what Danchision's intentions were at that time, and therefore handled the stopping of Danchision's vehicle as if it was a felony stop. Officer Webber had the right to ask Danchision for his identification at the time of this incident. The law is clear that Officer Webber had the right to ask Danchision for his driver's information. Not to follow Officer Webber's order is a violation of the law.

Garipoli will further testify that Officer Webber used appropriate force to make the arrest of Danchision, and that he had the right to hold Muraczewski under an investigatory stop on March 20, 2007. Furthermore, Garipoli will testify that Officer Webber tried to use proper procedure, and that he tried to do exactly what he was trained to do during a vehicle stop.

It is Garipoli's opinion that Danchision could have avoided his arrest "if" he would have listened to the verbal commands of Officer Webber and sat in his vehicle until Officer Webber viewed the scene as safe, and removed his vehicle. Danchision's actions on this date placed Officer Webber and Mr. Muraczewski's safety at risk due to his total disregard of the law, and Officer Webber's legal orders.

Any conditions claimed by the passenger, Muraczewski were not because of the actions of Officer Webber. Any injuries incurred by Mr. Muraczewski were caused by Mr. Danchision's illegal actions. Officer Webber did not grab Mr. Muraczewski's jacket specifically. Officer Webber states that he grabbed anything he could to get his balance, thus, Mr. Muraczewski's jacket.

Lastly, Garipoli will testify to an extremely high degree of professional certainty any reasonably trained and properly supervised police officer placed in like circumstances as Officer Webber, would respond in like manner. Such officer would properly believe his employment of force was in compliance with his training and consistent with the standards established by the Supreme Court and the Commonwealth of Pennsylvania.

**G. SPECIAL COMMENTS ABOUT THE PLEADINGS AND DISCOVERY, INCLUDING DEPOSITION AND EXCHANGE OF MEDICAL REPORTS:**

Plaintiff Danchision has produced no expert reports or medical records establishing the existence of any physical or psychological injury that is causally related to the alleged events of March 20, 2007.

**H. SUMMARY OF LEGAL ISSUES:**

The following legal issues will be developed in our trial brief:

1. As to Plaintiff Danchision:

    a. The applicability of <u>Virginia v. David Lee Moore,</u> 2008 U.S. Lexis 3674 (April 23, 2008) and whether any

     jurisdictional issues which arose under state law are irrelevant and immaterial to Plaintiff's Fourth Amendment claim

  b.  The Fourth Amendment question of whether there is probable cause to arrest does not necessarily require proof of the specific charges which were later filed against him.

  c.  The role of Lebanon County District Attorney's office in the prosecution of Danchision.

  d.  Whether Danchision has sustained any damages as a result of the incident complained of.

2. As to Muraczewski:

  a.  Whether there was a Fourth Amendment violation when he was in the car that was stopped but he was released at scene.

  b.  Whether any injuries he suffered were caused by Officer Webber or from Plaintiff Danchision as Danchision attempted to drive away with Officer Webber partly in the vehicle.

3. As to both Plaintiffs:

  a.  Whether Officer Webber is entitled to qualified immunity.

  b.  Whether Plaintiffs can recover punitive damages.

  c.  Whether at the scene of the initial encounter, Officer Webber was confronted with certain circumstances in a short period of time and he acted in an objectively reasonable manner in compliance with the standard set forth in Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

9

**I. STIPULATIONS DESIRED:**

1. Authenticity and admissibility of trial exhibits.

2. Substitution of photocopies for originals.

**J. ESTIMATED NUMBER OF TRIAL DAYS:**

Two to two and one-half days, with one-half to one full day devoted to Defendant's case-in-chief.

**K. ANY OTHER MATTER PERTINENT TO THE CASE TO BE TRIED:**

I have another trial starting on Tuesday, February 10, 2009, before the Honorable Paul S. Diamond in Philadelphia in the amount of <u>Sandra Faust, et al. v. The City of Lancaster, et al.</u>, Civil Action No. 07-4691.

**L. LIST OF EXHIBITS:**

See Clerk's Exhibit form attached as Exhibit "A".

**M. SPECIAL VERDICT QUESTIONS:**

None.

**N. DEFENSE COUNSEL'S CERTIFICATION UNDER LOCAL RULE 16.2:**

The undersigned counsel certifies that the individuals with settlement authority have been notified of the requirement of and possible sanctions under Local Rule 16.2. Defense counsel will be formally requesting that the Defendant's authorized representative be permitted to participate via telephone in the pretrial conference.

**O. CERTIFICATION ON USE OF DEPOSITIONS AND VIDEOTAPES:**

The truck driver, Robert Gleeson, a New Jersey resident, was deposed and a DVD recording was made on July 22, 2008. This was a trial video to be used if Mr. Gleeson is not available to testify live at the time of trial. written deposition transcripts will be offered in lieu of live testimony at the time of trial.

**P. PROPOSED FINDINGS OF FACT/CONCLUSIONS OF LAW:**

Not applicable. This matter will be tried to a jury.

                                                Respectfully submitted,

                                                Lavery, Faherty, Young & Patterson, P.C.

                                                By: /s/ Robert G. Hanna, Jr.
                                                    Robert G. Hanna, Jr., Esquire
                                                    225 Market Street, Suite 304
                                                    P.O. Box 1245
DATE: January 6, 2009                    Harrisburg, PA 17108-1245
                                                    (717) 233-6633 (telephone)
                                                    (717) 233-7003 (facsimile)
                                                    Atty No. PA17890
                                                    rhanna@laverylaw.com
                                                    Attys for Defendant

# CERTIFICATE OF SERVICE

I, Blanche A. Morrison, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 6th day of January, 2009, I served a true and correct copy of the foregoing **DEFENDANT'S PRE-TRIAL MEMORANDUM,** via electronic filing to:

> Spero T. Lappas, Esquire
> Serratelli, Schiffman, Brown, and Calhoon, P.C.
> 2080 Linglestown Road, Suite 201
> Harrisburg, PA 17110-9670
> *Attorney for Plaintif*
> E-mail: slappas@ssbc-law.com

/s/ Blanche A. Morrison
Blanche A. Morrison, Legal Assistant
to Robert G. Hanna, Jr., Esquire

This document has also been electronically filed and is available for viewing and downloading from the ECF system.